﻿Citation Nr: AXXXXXXXX
Decision Date: 07/25/19 Archive Date: 07/24/19

DOCKET NO. 181109-1184
DATE: July 25, 2019

ORDER

A 70 percent rating, but not higher, for posttraumatic stress disorder (PTSD) is granted.

FINDING OF FACT

Throughout the entirety of the appeal, the Veteran’s PTSD has more nearly resulted in occupational and social impairment with deficiencies in most areas, such as work, family relations, judgment, thinking, or mood.

CONCLUSION OF LAW

The criteria for an increased disability rating of 70 percent for PTSD are met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 4.130, Diagnostic Code (DC) 9411.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Board notes that the rating decision on appeal was issued in May 2017. In November 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)).

The Veteran served on active duty in the United States Army from August 1999 to August 2008.

The Veteran contends that his service-connected PTSD warrants a rating higher than the assigned 50 percent. Based on a review of the evidence, the Board agrees and assigns a higher 70 percent rating for PTSD.

The criteria for rating psychiatric disabilities, other than eating disorders, are set forth in the General Rating Formula (Rating Formula) for Mental Disorders. See 38 C.F.R. § 4.130. Under DC 9411 for PTSD, a 50 percent rating is warranted if it is productive of occupational and social impairment with reduced reliability and productivity due to such symptoms as: flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short- and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; difficulty in establishing and maintaining effective work and social relationships. Id.

A 70 percent rating is warranted if the evidence establishes that there is occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately, and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work like setting); and/or inability to establish and maintain effective relationships. Id.

A 100 percent rating (total occupational and social impairment) is warranted due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives, own occupation, or own name. Id.

In determining the level of impairment under 38 C.F.R. § 4.130, a rating specialist is not restricted to the symptoms provided under the diagnostic code and should consider all symptoms which affect occupational and social impairment, including those identified in the DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS (DSM-IV or DSM 5). See Mauerhan v. Principi, 16 Vet. App. 436 (2002). If the evidence demonstrates that a claimant suffers symptoms or effects that cause an occupational or social impairment equivalent to those listed in that diagnostic code, the appropriate, equivalent rating is assigned. Id.

Turning to the evidence, the Veteran submitted an August 2016 private psychological evaluation. The Veteran reported panic attacks, anxiety, depression and irritability. He also reported that he does not like to go anywhere and has lost interest in most activities. Suicidal ideation was denied. The psychologist did not indicate that she reviewed the Veteran’s medical record; however, based on the Veteran’s report, the psychologist indicated that the Veteran has social and occupational impairment.

A September 2016 disability questionnaire shows that the Veteran’s PTSD is manifest by depressed mood, anxiety, suspiciousness, weekly panic attacks, chronic sleep impairment, impaired judgment, disturbances of motivation and mood, difficulty in establishing and maintaining effective work and social relationships and difficulty adapting to stressful circumstances, including work. Suicidal ideation was denied. The examiner indicated that the Veteran had occupational and social impairment with deficiencies in most areas, such as work, family relations, judgment, thinking, or mood.

A March 2017 VA examiner confirmed the Veteran’s diagnosis of PTSD and alcohol use disorder. In the report, the examiner stated that the Veteran had significant overlapping symptomatology between his diagnoses. These symptoms included depressed mood, anxiety, suspiciousness, panic attacks, impaired judgment, chronic sleep impairment, disturbances of motivation and mood, and difficulty establishing and maintaining effective and social relationships. Suicidal ideation was denied. The Veteran reported that he does not have much contact with extended family and he does not like to be around people. He indicated that his wife left him twice and he believed that she will leave him for good. He further reported that he currently works in Information Technology, which is suitable because “he does not have to deal with anybody.” He further reported that during his previous job at a stamping plant, he would freak out on people and would start yelling “out of the blue.” 

The Veteran submitted buddy statements from his wife and friends, in which they described their observations of the Veteran’s PTSD symptoms. The statements consistently state that the Veteran does not like to go to movies or the mall due to crowds, is unable to watch war movies, and does not have much of a social life. Notably, the July 2016 statement from his wife indicates that the Veteran has difficulty sleeping and has distressing dreams. She notes that on multiple occasions, the Veteran has kicked her off the bed, punched her, elbowed her and put her in a headlock while asleep. He has also “started calling in Army reports and talking about body parts everywhere” while asleep.

On review, the Board finds that the Veteran’s PTSD have more nearly resulted in occupational and social impairment, with deficiencies in most areas, such as work, family relations, judgment, thinking, or mood, warranting a higher rating of 70 percent from the beginning of the claim on appeal. His symptoms, as reflected in the lay and medical evidence, include depression; near-continuous panic affecting the ability to function independently, appropriately, and effectively; and difficulty in adapting to stressful circumstances (including work or a work like setting); and/or inability to establish and maintain effective relationships. Therefore, a rating of 70 percent is granted for the Veteran’s service-connected PTSD.

 

A higher 100 percent rating is not warranted as the evidence does not show that the Veteran has total social and occupational impairment. Although impaired, the Veteran maintains employment and has some social interaction with his wife and friends.

 

JOHN Z. JONES

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD A. Hemphill, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.